### S16Y1820. IN THE MATTER OF TED B. HERBERT.
(791 SE2d 769)

PER CURIAM.

This disciplinary matter is before this Court on the Report and Recommendation of special master Jennifer McLeod, filed in response to the Formal Complaint of the State Bar, which seeks to have respondent Ted B. Herbert (State Bar No. 348250) disciplined. The State Bar attempted to serve Herbert personally at the address listed with the State Bar, but the sheriff filed a return of service non est inventus. The State Bar then properly served Herbert by publication pursuant to Bar Rule 4-203.1 (b) (3) (ii), but Herbert failed to file an

---

answer as required by Bar Rule 4-212 (a), so the State Bar sought and obtained a default. Accordingly, the facts and violations alleged in the formal complaint are deemed admitted. Id.

As deemed admitted, the facts show that Herbert, who has been a member of the Bar since 1975, was consulted by two individuals in October 2009 concerning their discharge from their former employer. Herbert advised these individuals concerning their discharge and further advised them to start their own company in order to continue serving their customers. In conjunction with this representation, Herbert advised these individuals to destroy physical and electronic records relating to their work for their former employer. In December 2009, the individuals' former employer brought suit against them, and Herbert was retained to represent the individuals in this action. Herbert filed an answer and defenses, including a counterclaim, on behalf of the individuals, but failed to adequately communicate with the individuals during the course of his representation, did not devote the necessary preparation and thoroughness to his representation, did not conduct any discovery, and allowed the discovery period to elapse without responding to any discovery. In a December 2012 order in that action, the trial court found that the individuals had intentionally spoliated evidence, including the records Herbert instructed them to destroy; struck the individuals' answer and defenses to the suit; and entered an injunction preventing the individuals from providing services or materials to customers of their former employer. Herbert advised the individuals to file an appeal as to the injunction, they agreed, and Herbert filed a notice of appeal. In the January 24, 2013 notice of appeal, Herbert indicated that, among other items, the transcript of a February 1, 2011 hearing should be included and that such had been requested from the court reporter. In a January 23, 2013 communication with his clients, Herbert indicated that he would order the transcript the next day. Despite this assurance to his clients and a February 18, 2013 letter from the clerk of the superior court indicating that no transcript had been received, Herbert failed to order or file the transcript, which was needed to advance the appeal. After it became clear to the clients in late August 2013 that Herbert had not ordered or filed the hearing transcript, Herbert was discharged from the representation.

Based on these facts, the special master found that Herbert's conduct in this matter violated Rules 1.1, 1.2 (a), 1.3, 1.4, 3.2, and 8.4 (a) (4), all of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). The maximum sanction for a violation of Rules 1.1, 1.2, 1.3, and 8.4 (a) (4) is disbarment, and the maximum sanction for a violation of Rules 1.4 and 3.2 is a public reprimand. The special master also noted that, in light of Herbert's three prior disciplinary

infractions (consisting of a formal letter of admonition, a public reprimand, and an Investigative Panel reprimand), Herbert was subject to sanction pursuant to Rule 4-103. Finally, the special master found that there were no mitigating factors supporting the imposition of a lesser sanction and that Herbert's prior disciplinary offenses and his failure to comply with the disciplinary process were factors in aggravation. In light of these considerations, the special master recommended that Herbert be disbarred.

Having reviewed the record, we conclude that disbarment is the appropriate sanction in this matter. Accordingly, it is hereby ordered that the name of Ted B. Herbert be removed from the rolls of persons authorized to practice law in the State of Georgia. Herbert is reminded of his duties pursuant to Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*